Christopher D. ABURIME,
Plaintiff–Appellant,

Bobby W. Lucas; Blanche Clay; Joseph R. Richburg; Sandra Williams; Alvin Williams; Gwendolyn J. Stevens; Larry Washington; Marcia L. Atkins; Robert Garner; Richard M. Jones; James Baul; Sandra Holmes; Deartice Sanders; Susan Hagood, Plaintiffs,

v.

NORTHWEST AIRLINES, INC.,
Defendant–Appellee,

International Association of Machinists & Aerospace Workers; International Brotherhood of Teamsters; Aircraft Technical Support Association; Northwest Airlines Meteorologist's Association; Transport Workers Union of America, Defendants.

Christopher D. ABURIME; Bobby W. Lucas; Blanche Clay; Joseph R. Richburg; Sandra Williams; Alvin Williams; Gwendolyn J. Stevens; Larry Washington; Marcia L. Atkins; Robert Garner; Richard M. Jones; James Baul; Sandra Holmes; Deartice Sanders; Susan Hagood; Gloria Williams; Marshall Adams; Brandon Carter; Carolyn Cockfield; Jeff Cooper; Darcy Davis; David Francis; Lloyd Gay; Charles Mack; Harold Richardson; Jarvis Shotwell; Anthony Turner; Steven Wagner, individually and on behalf of the settlement class, Plaintiffs–Appellants,

Reginald Bruce; Richard Carter; Ron Carter; Timothy Grigsby; Reginald Horton; George Hudson; Larry Johnson; Ingrid Karriem; Orlando Moorhead; Rondalyn Palmer; Leon Richardson; Winfred Scott; Joseph Snow; Edward A. Anderson; Kevin Baker; Alfonso Brown; Barry Brown; Gaynell Carter; Oswald Collins; Toni Dexter; Margo Easton; Angelina Francis; Jeffrey Frank; Olivine Green; Gerard Jackson; Essie Jeffries; Tashika Lee; St. Clair Mitchell; Claudette Natural; Charlita Nunn; Macarthur Perkins; Cheryl Per-

ryman; Bruce Rembert; Charles Scott; Edward Sims; Mahlon Smith; Cassandra Thomas; Michael Toney; Lynett Turner; Keith Williams; Andre Andrews; Aubrey Burcy; Cheryl Davis; Edward Draper; Nikita Evans; Michelle J. Gage; J.R. Graham; Alvin Gray; Patricia Griffin; Ardana Gross–Johnson; Duane Jenkins; Gregory King; Ray Lampkin, Jr.; Rosemarie Martin; William Z. Moore; Jeanine Roberts; Rendala Sasulters; Lavada P. Solomon; Patricia Starks–Faggett; Gretchen Wallace; Vivian S. White, Plaintiffs–Class Claimants–Appellants,

Sprenger & Lang, Appellant,

v.

NORTHWEST AIRLINES, INC.,
Defendant–Appellee,

International Association of Machinists & Aerospace Workers; International Brotherhood of Teamsters; Aircraft Technical Support Association; Northwest Airlines Meteorologist's Association; Transport Workers Union of America, Defendants.

Nos. 92–3070, 92–3786MN.

United States Court of Appeals,
Eighth Circuit.

Submitted June 17, 1993.

Decided Oct. 25, 1993.

Rehearing Denied Dec. 1, 1993.

Susan M. Coler, Minneapolis, MN, argued (Jean M. Boler, Susan M. Coler, Minneapolis, MN, and Paul C. Sprenger and Jane Lang, Washington, DC, on the brief), for appellants.

· Robert Hobbins, Minneapolis, MN, argued (Robert L. Hobbins, Jean F. Holloway and Charles R. Shreffler, on the brief), for appellee.

Before McMILLIAN, FAGG, and HANSEN, Circuit Judges.

PER CURIAM.

A class of black employees and job applicants (claimants) of Northwest Airlines, Inc. (NWA) brought an action against NWA alleging employment discrimination on the basis of race. To resolve the action, the parties entered a consent decree that provided injunctive relief to enhance job opportunities for the claimants at NWA. The consent decree establishes a claims procedure that allows claimants who meet certain eligibility criteria to present individual claims of discrimination in hiring, termination, or promotion at a mini-trial before a hearing examiner. Although claimants' counsel filed hundreds of individual claims under the claims procedure, NWA refused to process most of the claims, asserting the claimants did not meet the consent decree's eligibility requirements. Both NWA and the claimants then filed motions to enforce the consent decree, asking the district court to establish a mechanism for resolving eligibility disputes. The parties also asked the district court to decide whether claimants who signed releases of their claims and claimants who filed their claims after the consent decree's filing deadline should be allowed to participate in the claims procedure.

The district court found the consent decree anticipated eligibility disputes would be resolved by agreement of the parties before the claims process began. Because the consent decree does not provide any procedures for deciding whether individual claimants meet the eligibility criteria, the district court found the consent decree's claims procedure has come to a standstill. To get the process back on track, the district court established procedures for resolving eligibility disputes. Basically, the eligibility procedures provide that if NWA contests a claimant's eligibility, the

dispute is referred to a hearing examiner for resolution. The district court divided the costs of implementing the new procedures equally between the parties. The district court decided attorney fees would not be awarded for services rendered in the eligibility hearings and the hearing examiner would assign the costs of the hearings to either or both parties' counsel. The district court also refused to allow class members who signed releases of their claims to participate in the claims procedure. Finally, the district court dismissed several claims that were filed after the consent decree's filing deadline. The claimants appeal.

■ The claimants do not dispute the district court's finding that the consent decree does not contain procedures to decide claimant's eligibility nor challenge the district court's eligibility procedures. Instead, the claimants contend the district court improperly modified the consent decree by forcing the claimants and their counsel to pay for the new procedures. The claimants point to the consent decree's language that NWA shall pay a claimant's attorney fees and the administrative costs of the claims procedure. The claimants argue this language entitles them to attorney fees and costs for the eligibility process as well. We review the district court's additions to the consent decree for abuse of discretion. *Appeal of Little Rock Sch. Dist.*, 949 F.2d 253, 258 (8th Cir.1991).

■ Having reviewed the consent decree de novo, giving the decree's language "its 'normal meaning' rather than one party's view of its purpose," *United States v. Beatrice Foods Co.*, 493 F.2d 1259, 1263 (8th Cir.1974), *cert. denied*, 420 U.S. 961, 95 S.Ct. 1350, 43 L.Ed.2d 438 (1975), we conclude the district court did not modify the consent decree. *See Crumpton v. Bridgeport Educ. Ass'n*, 993 F.2d 1023, 1028 (2d Cir.1993) (in deciding whether district court modified consent decree, scope of consent decree "must be discerned within its four corners"). By limiting the processing and disposition of claims to "eligible" class members, the consent decree makes clear its attorney fees and administrative costs provisions apply only to the claims procedure. Thus, the attorney fees and administrative costs provisions the

district court put in place for the new eligibility procedures cured a procedural deficiency in the consent decree without upsetting the parties' basic agreement.

■ The claimants also contend the district court committed error in refusing to award claimants attorney fees and costs for the eligibility hearings. The claimants argue the district court ignored their status as prevailing parties under the consent decree. We disagree. The consent decree does not consider a claimant a prevailing party until the claimant enters the claims process. Contrary to the claimants' view, the claimants are not entitled to attorney fees and costs when merely prevailing on eligibility questions. *See Farrar v. Hobby*, —— U.S. ——, —— ——, 113 S.Ct. 566, 572–73, 121 L.Ed.2d 494 (1992) (employment discrimination plaintiff is only entitled to attorney fees when prevailing on merits of claim). We also disagree with the claimants' contention that the district court established the shifting costs provision to sanction the claimants and their attorneys. Having found the claims procedure has ground to a halt because the parties' counsel have been unwilling to resolve eligibility disputes by cooperation and agreement, we believe the district court put this provision in place to provide an incentive to both parties' counsel to resolve eligibility disputes quickly and inexpensively. In sum, the district court did not abuse its discretion by creating the attorney fees and administrative costs provisions for the eligibility procedures.

■ The claimants next contend the district court should have admitted class members who signed releases into the claims procedure because each claimant is entitled to have a hearing examiner decide whether the claimant's release is valid. The consent decree provides, however, that "class member[s] who ... knowingly released [their] claims [that] would otherwise be covered by this Decree ... [are] not eligible to file a claim under these procedures." The district court interpreted this language to mean a claimant who signed a facially valid release is presumptively ineligible to pursue a claim under the claims procedure unless the claim-

ant has a court of competent jurisdiction set the release aside. Giving substantial deference to the district court's interpretation of the consent decree, *Huguley v. General Motors Corp.*, 999 F.2d 142, 146 (6th Cir.1993), we conclude the district court properly refused to allow the class members who signed unambiguous releases to participate in the claims procedure. *See Pilon v. University of Minnesota,* 710 F.2d 466, 468 (8th Cir.1983) (the district court need not inquire into the validity of an unambiguous release).

■ Finally, the claimants contend the district court erroneously dismissed several claims postmarked after the consent decree's filing deadline without a hearing to decide whether equitable tolling and good cause exceptions apply. We disagree. The consent decree provides: "Eligible claimants must mail their claims postmarked no later than October 15, 1991.... Any class member who ... fails to submit a timely claim form shall have no further right to relief, through the claims procedure or otherwise." We agree with the district court this language is unambiguous and contemplates no exceptions to the deadline. Thus, the district court did not abuse its discretion in dismissing the claims postmarked after October 15, 1991.

Accordingly, we affirm the district court.