```
                _____
                No. 95-4234MN
                _____

Sandra Y. Musso,                         *
                                         *
               Appellee,                 *
                                         *
     v.                                  *
                                         *
University of Minnesota;                 *
Regents of the University of             *
Minnesota,          *
                                         *
               Appellants.               *

                _____              Appeals from the United States
                                            District Court for the District
                No. 96-1035MN              of Minnesota.
                _____

Sandra Y. Musso,                         *
                                         *
               Appellant,                *
                                         *
     v.                                  *
                                         *
University of Minnesota;                 *
Regents of the University of             *
Minnesota,          *
                                         *
               Appellees.                *
                _____

               Submitted:  November 20, 1996

                 Filed:  January 27, 1997
                _____

Before FAGG, WOLLMAN, and HANSEN, Circuit Judges.
                _____


FAGG, Circuit Judge.


     In 1980, the University of Minnesota entered into a consent decree
(the Rajender decree) governing sex discrimination claims brought by female
academic employees.  Sandra Y. Musso filed suit
```

under the decree, contending the University first demoted her and then refused to renew her contract as Director of Sports Facilities because of Musso's sex. Later, the district court permitted Musso to add a claim of retaliatory firing that arose after the Rajender decree had expired. The University appeals the district court's finding of unlawful retaliation, and Musso cross-appeals the district court's adverse rulings on her other claims. We affirm in part and reverse in part.

Before Musso arrived on the scene in 1986, the coordinator of the University's athletic facilities was little more than a maintenance person. The coordinator answered to the ones who really ran the facilities, the Directors of Men's Intercollegiate Athletics, Women's Intercollegiate Athletics, Recreational Sports, and Physical Education. Wanting one person in charge instead of four, Dr. Frank Wilderson, at that time Vice President for Student Affairs, signed Musso to a five-year contract as the University's first Director of Sports Facilities.

Unsurprisingly, the other directors resented this invasion of their turf. After Dr. Wilderson stepped down at the end of 1988, the other directors presented his interim replacement, Nicholas Barbatsis, with a proposal to restore their control over their former domain. Barbatsis passed the proposal on to then President Nils Hasselmo, who approved it. By November 1989, many of Musso's duties had disappeared. Once the supervisor of roughly twenty-five full-time employees, Musso found her staff reduced to three. Believing herself a victim of sex discrimination, Musso filed a Rajender claim on December 1, 1989.

Although Musso's contract was to expire August 31, 1991, Musso was entitled to a performance review in 1990 to assess whether her contract should be renewed. The review committee, composed of two women and one man, sought comment from over fifty of Musso's colleagues, as well as from Musso herself. Because the majority of comment was unfavorable, the committee recommended against renewing

Musso's contract.  Barbatsis agreed, and notified Musso in April 1990.
Musso filed a second Rajender claim on June 7, 1990, contending her
nonreappointment was because of her sex.

About the time Musso learned her days at the University were
numbered, the University started a routine audit of the Sports Facilities
Department.  The auditors, who were at first unaware of Musso's lawsuit,
uncovered information that Musso was working twenty-hour weeks and taking
unauthorized vacation days.  Barbatsis involved Musso and her attorney in
his lengthy review of the auditors' findings.  When Musso's account of her
time proved unverifiable, Barbatsis gave Musso notice of termination on
February 6, 1991.  Although the Rajender decree had expired January 1,
1991, the district court granted Musso's motion to amend her complaint to
include a claim of retaliatory firing.

The district court found that neither the restructuring of the Sports
Facilities Department nor the nonrenewal of Musso's contract was the result
of sex-based discrimination.  Having carefully reviewed the record, we
agree with the district court that no one in Musso's position, female or
male, would have withstood the other four directors' power play.  We also
agree with the district court that the review committee's recommendation,
and not sex-based animus, prompted Barbatsis to decide against Musso's
reappointment.

Although Musso's retaliation claim arose after the Rajender decree
expired, the district court found Musso was prematurely terminated in
retaliation for asserting claims under the decree.  Thus, we must decide
whether the district court should have considered this claim at all.  Like
any consent decree, the Rajender decree should be construed as a contract.
See Mahers v. Hedgepeth, 32 F.3d 1273, 1274-75 (8th Cir. 1994).  Because
a consent decree "reflects a compromise between hostile litigants," id. at
1275, its scope "`must be discerned within its four corners, and not by
reference to what might satisfy the purposes of one of

the parties to it,'" id. (quoting United States v. Armour & Co., 402 U.S. 673, 682 (1971)). Here, the decree unambiguously states: "[I]n no event shall this Decree extend beyond January 1, 1991." In Musso's view, the decree's expiration date is the contractual equivalent of a statute of limitations. Thus, she contends her retaliation claim relates back to her earlier filed claims. See Fed. R. Civ. P. 15(c). We disagree. The decree created a special mechanism for dealing with sex discrimination claims involving the University, January 1, 1991 was the bargained-for date on which that mechanism lapsed, and the district court had no authority under the decree to consider the merits of Musso's late-filed claim. See Aburime v. Northwest Airlines, Inc., 8 F.3d 626, 629 (8th Cir. 1993) (per curiam).

We affirm the district court's judgment on Musso's claims of discriminatory demotion and contract nonrenewal. We reverse the district court's judgment on Musso's retaliation claim and remand with instructions to dismiss the claim.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.