Margaret MARTIN and Alexandra Riggle, a minor child by her mother, Margaret Martin

v.

MOORHEAD METROPOLITAN AREA TRANSIT; City of Moorhead; and Red River Trails, Inc.

No. 6–96–CV–54.

United States District Court, D. Minnesota, Sixth Division.

Aug. 1, 1997.

Roderick John Macpherson, III, MN Disability Law Ctr., Minneapolis, MN, for Margaret Martin, Alexandra Riggle.

Barry Patrick Hogan, Michael C. Van Berkom, Erickson & Hogan, Moorhead, MN, for Moorhead Metropolitan Area Transit, City of Moorhead.

Joseph G. Beaton, Jr., Beaton Law Office, Lake Calhoun Professional Bldg., Minneapolis, MN, Red River Trails, Inc.

## ORDER

ROSENBAUM, District Judge.

Plaintiffs move to reconsider the Court's May 13, 1997, Order. Plaintiffs' motion is denied.

On May 13, 1997, the Court approved a settlement and signed a consent decree reached in the above-captioned matter. The Court, however, declined to adopt a provision in the consent decree compelling the Court to accept continuing jurisdiction over the matter.

Plaintiffs argue that the Court's decision to strike the jurisdictional provision is inconsistent with the nature of a consent decree. Plaintiffs further argue that, by striking the provision, the Court significantly modified the parties' settlement agreement. Plaintiffs are incorrect.

The Court finds, first, that striking the jurisdictional provision undermines neither the validity nor the purpose of the consent decree. A consent decree is simply "a compromise between hostile litigants." *Mahers v. Hedgepeth*, 32 F.3d 1273, 1275 (8th Cir.1994). Plaintiffs assert, correctly, that a primary advantage of a consent decree is the availability of civil contempt relief to enforce its terms. Id. Plaintiffs, however, set forth no reason why another court could not afford such relief. Indeed, a court construing a consent decree may only hold a party in contempt "for conduct ... proscribed 'within [the] four corners' " of the decree. *Id.* (quoting *United States v. Armour & Co.*, 402 U.S. 673, 681–82, 91 S.Ct. 1752, 1757, 29 L.Ed.2d 256 (1971) (alteration in original)). This Court did not hold any hearing. It did not consider any evidence. As such, this Court is in no better position to construe plaintiffs' consent decree than is any other. Accordingly, there is no basis for the bald assertion that the Court has undermined the purpose of the consent decree.

The Court further finds it has made no material alteration in the terms of the parties' settlement agreement. The Court is well aware that it may not unilaterally alter the terms of a consent decree or a proposed settlement. *See Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist. No. 1*, 921 F.2d 1371, 1388 (8th Cir.1990). But, a term mandating a court's continuing jurisdiction over a matter is not properly considered a term of a settlement. Rather, such provision is more akin to a demand that the court, a pure third party to the agreement, become bound by it. Just as the parties lack the power to confer jurisdiction on a court by agreement or mutual consent, *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982), the parties cannot, by agreement, compel the Court's continuing jurisdiction. As such, the Court's decision to strike the jurisdictional provision did not alter the parties' agreement.

The parties to this matter may agree to bind each other, and they have done so. These parties, however, lack the power to

bind this Court. The Court is fully confident that the parties can and will pursue their remedies in regular course. The Court, however, cannot assume, and doubts that the parties will assume, that one or the other will renege on the settlement to which they have mutually agreed.

Accordingly, IT IS ORDERED that:

Plaintiffs' motion to reconsider is denied.