# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 13-6023

_____

In re: Wilma M. Pennington-Thurman

*Debtor*

------------------------------

Wilma M. Pennington-Thurman

*Debtor - Appellant*

v.

Bank of America N.A.

*Objector - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 16, 2013
Filed: October 21, 2013

_____

Before FEDERMAN, Chief Judge, SALADINO and SHODEEN, Bankruptcy
Judges.

_____

SHODEEN, Bankruptcy Judge.

The Debtor, Wilma Pennington-Thurman, appeals the May 16, 2013 order entered by the Bankruptcy Court[1] denying her Motion to Reopen her case to pursue an alleged violation of the discharge inunction. For the reasons that follow, we AFFIRM.

BACKGROUND

A Chapter 13 bankruptcy petition was filed pro-se by Wilma Pennington-Thurman (the "Debtor") on July 10, 2009. On schedule A she listed an ownership interest in her residence located at 8722 Partridge Ave., St. Louis, MO 63147 (the "Property") and claimed it exempt as her homestead. Her case was converted to a Chapter 7 bankruptcy on October 8, 2009 and updated schedules were filed. The statement of financial affairs identified causes of action she had commenced against Bank of America, N.A. ("BOA") after filing her chapter 13 petition but before the conversion date.[2] These cases alleged improprieties by BOA in a foreclosure action against the Property. A discharge was entered in the Debtor's case on January 27, 2010. The chapter 7 trustee filed an Application to Approve Compromise and Settlement related to the pending litigation. The Bankruptcy Court overruled the Debtor's objection to the proposed compromise and approved the trustee's Application. The Debtor's case was fully administered and closed by final decree on December 29, 2011.

After the bankruptcy case was closed, BOA initiated foreclosure proceedings against the Property. On April 3, 2013, the Debtor filed A Motion to Reopen (the

---

[1] The Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri.
[2] Amended schedule B did not reflect these potential claims as assets.

"Motion") her bankruptcy case for the purpose of filing an adversary proceeding against BOA for violation of the discharge injunction. Her Motion states that BOA sent forty-one notices, two Transfers of Service Provider, nine Recent Inquiries, and placed six notices on her front door. She asserts that each of these documents, and their combined effect, constitute attempts to collect a discharged debt. BOA resisted the Debtor's Motion, arguing that the notices were not attempts to collect a debt against the Debtor, personally. Rather they were related to enforcement of its mortgage against the real estate, an action that is not subject to the discharge injunction. The Bankruptcy Court denied the Motion finding that the notices were not attempts to collect a debt as a personal liability of the Debtor and did not violate the discharge injunction. The Debtor timely appealed the Bankruptcy Court's order.

STANDARD OF REVIEW

A bankruptcy court's findings of facts are reviewed for clear error and its conclusions of law are reviewed de novo. *First Nat'l Bank v. Pontow*, 111 F.3d 604, 609 (8th Cir. 1997) (quoting *Miller v. Farmers Home Admin. (In re Miller)*, 16 F.3d 240, 242 (8th Cir. 1994)). A decision denying a motion to reopen is reviewed for an abuse of discretion. *Apex Oil Co. v. Sparks (In re Apex Oil Co.)*, 406 F.3d 538, 541 (8th Cir. 2005). Under this standard, our review focuses upon whether there was a failure to apply the proper legal standard or whether the findings of fact are clearly erroneous. *Official Comm. Of Unsecured Creditors v. Farmland Indus. (In re Farmland Indus.)*, 397 F.3d 647, 650–51 (8th Cir. 2005). A bankruptcy court's ruling will not be reversed unless there is a "'definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *Apex Oil Co.*,

3

406 F.3d at 541 (quoting *Dworsky v. Canal St. Ltd. P'ship (In re Canal St. Ltd. P'ship)*, 269 B.R. 375, 379 (B.A.P. 8th Cir. 2001)).

DISCUSSION

A bankruptcy case may be reopened to "administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b) (2012); Fed. R. Bank. Pro. 5010. Several factors may be applied to determine whether cause exists to reopen a bankruptcy case. *In re Wilson*, 492 B.R. 691, 695 (Bankr. S.D.N.Y. 2013). Of importance in this case is the factor which considers "whether it is clear at the outset that no relief would be forthcoming to the debtor by granting the motion to reopen" and is dispositive of the Debtor's arguments. *Id.* (citing *In re Otto*, 311 B.R. 43, 47 (Bankr. E.D. Pa. 2004)).

"A discharge…operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. §524(a)(2). Although personal liability to pay a debt does not continue, a discharge does not operate to extinguish a creditor's in rem rights to foreclose against property in which it holds a lien. *Johnson v. Home State Bank*, 501 U.S. 78, 82–83 (1991); *Long v. Bullard*, 117 U.S. 617, 620–21 (1886). The mortgage against the Debtor's home remains enforceable. *See Bank One Wis. v. Annen (In re Annen)*, 246 B.R. 337, 340–41 (B.A.P. 8th Cir. 2000).

The notices received by the Debtor contain a declaration that they were provided "for information purposes" related to the status of foreclosure or options

4

to cure the default. The communications also recognized that a bankruptcy case had been filed, a discharge entered, and stated that the notice was not an attempt to collect against the Debtor, personally. According to Missouri cure notice laws, if a borrower defaults by not making payment, a lender is required to give notice to the borrower of his or her right to cure in order to accelerate, take possession, or enforce a security interest. MO. REV. STAT. § 408.555.1 (2012). Before BOA could foreclose upon the Property, it was required to give notice to the Debtor of her right to cure, and this information can properly be included in the notices. *See* 11 U.S.C. §524(j)(3) (the discharge does not operate as an injunction if the creditor's act "is limited to seeking or obtaining periodic payments associated with a valid security interest in lieu of pursuit of in rem relief to enforce the lien"); *Jones v. Bac Home Loans Servicing, LP (In re Jones),* Bankr. No. 08-05439-AJM-7, Adv. No. 09-50281, 2009 WL 5842122, at *3 (Bankr. S.D. Ind. Nov. 25, 2009) (creditor's communication was excepted from the discharge injunction by the section 524(j)(3) exception).

The Bankruptcy Court determined that the notices and letters sent by BOA were not attempts to collect against the Debtor personally and did not violate the discharge injunction. Other courts have reached this same conclusion. *See, e.g.*, *Mele v. Bank. Of Am. Home Loans (In re Mele),* 486 B.R. 546 (Bankr. N.D. Ga. 2013); *Pearson v. Bank of Am.,* No. 3:12-cv-00013, 2012 U.S. Dist. LEXIS 94850 (W.D. Va. July 10, 2012); *In re Jones*, 2009 WL at *3.

We have previously addressed the issue of whether a motion to reopen is properly denied if the purpose is to bring a claim that has no merit, holding that:

> Ordinarily, when a request is made to reopen a case for the purpose of filing a dischargeability complaint, the court should reopen routinely and reach the merits of the underlying dispute only in the context of the adversary proceeding, not as part of the motion to reopen. However, where, as here, the proposed dischargeability complaint is completely lacking in merit, it is not inappropriate for the court to examine the issues, nor is it an abuse of discretion to deny the motion to reopen.

*Arleaux v. Arleaux*, 210 B.R. 148, 149 (B.A.P. 8th Cir. 1997). Under this standard, and based upon the record, the Bankruptcy Court did not abuse its discretion in denying the relief requested by the Debtor.

BOA argues that the Debtor has raised other causes of action involving state-law wrongful-foreclosure theories and violations of the Fair Debt Collection Practices Act ("FDCPA") which were not preserved for appeal. Issues raised for the first time on appeal are not considered and cannot form the basis for reversal by an appellate court. *Drewes v. Schonteich*, 31 F.3d 674, 678 n.6 (8th Cir. 1994); *Wendover Fin. Servs. v. Hervey (In re Hervey),* 252 B.R. 763, 767 (B.A.P. 8th Cir. 2000). Three exceptions exist to this general rule. *In re Hervey*, 252 B.R. at 767. The first arises in "exceptional cases where the obvious result would be a plain miscarriage of justice or inconsistent with substantial justice." *Id.* at 768 (quoting *Kelley v. Crunk*, 713 F.2d 426, 427 (8th Cir. 1983)). The second exception occurs when the resolution of the legal issues is "beyond any doubt." *Id.* The third exception is applied when the new issue is purely legal in nature and additional evidence is not necessary and would not affect the outcome. *Id.* (quoting *Krigel v. Sterling Nat'l Bank (In re Ward)*, 230 B.R. 115, 119 (B.A.P. 8th Cir. 1999)). None

of the permitted exceptions are appropriate in this case. Accordingly, these arguments are not addressed here.

Because the Bankruptcy Court correctly concluded that the Debtor's allegations were without merit, we find that it did not abuse its discretion in denying the Motion to Reopen her bankruptcy case. Accordingly, the decision of the bankruptcy court is affirmed.

_____