# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 15-6030

_____

In re: Michael Eugene Spencer; Patricia Anne Spencer

*Debtor*s

------------------------------

State of Missouri, Department of Social Services, Family Support Division

*Claimant - Appellant*

v.

Michael Eugene Spencer; Patricia Anne Spencer

*Movants - Appellees*

_____

Appeal from United States Bankruptcy Court
for the Western District of Missouri - Kansas City

_____

Submitted: May 19, 2016
Filed: June 13, 2016

_____

Before KRESSEL, SALADINO and NAIL, Bankruptcy Judges.

_____

KRESSEL, Bankruptcy Judge.

The State of Missouri, Department of Social Services, Family Support Division appeals from the bankruptcy court's July 28, 2015 contempt order and August 11, 2015 sanction order. The bankruptcy court found the division in contempt and imposed sanctions against the division for willful violation of the discharge injunction in attempting to collect on a support debt after the debtors obtained a discharge. The bankruptcy court imposed sanctions against the division for such contempt. We have jurisdiction over this appeal under 28 U.S.C. § 158(b). We reverse.

**BACKGROUND**

Michael Spencer and Patricia Spencer jointly filed a chapter 13 petition on October 12, 2010, listing Michael's former spouse as the holder of an unsecured priority claim categorized as a domestic support obligation. Subsequently, the Missouri Division of Child Support Enforcement, acting on behalf of Michael's former spouse, filed a proof of claim for an unsecured priority claim in the amount of $36,026.27 as of the petition date for support arrears that Michael owed to his former spouse. The underlying support obligation was created by a June 1, 2001 marital dissolution judgment and decree from the Circuit Court of Jackson County, Missouri, which ordered Michael to pay maintenance support in the amount of $1,200.00 per month, minus any amounts Michael paid for child support for ten years beginning May 1, 2001; the judgment also ordered Michael to pay child support in the amount of $800.00 per month, beginning March 1, 2001. The record does not reflect that the 2001 judgment was ever modified.

After discovering that it had incorrectly calculated Michael's monthly support obligation as $400.00 per month instead of the 2001 judgment amount of $1,200.00 per month from 2005 to 2011, the division amended its proof of claim to claim $88,026.27 as the updated total amount of arrears owed to Michael's former spouse as of the petition date.

2

The debtors objected to the amended proof of claim. The bankruptcy court held a hearing to determine the amount of the claim. On August 9, 2011, the court sustained the debtors' objection to the amended claim, disallowing the amended amount of $88,026.27, and allowing the claim as originally filed in the amount of $36,026.27. Citing Missouri case law, the bankruptcy court found that the division had waived a portion of the support arrears by acquiescing in lower payments after the children were emancipated. The division did not seek reconsideration of the order sustaining the objection, did not appeal the order, and did not object to confirmation of the debtor's proposed plan, which proposed to pay the division the allowed claim amount of $36,026.27. The division also did nothing to alert the debtors or the court to the fact that it did not feel bound by the court's determination of its claim. The court confirmed the debtors' plan.

In accordance with their confirmed plan, the debtors paid the division's allowed claim for support arrears in the amount of $36,026.27. The debtors completed all of their plan payments early, so they filed a motion for discharge, asserting that pursuant to § 1328(a), "all amounts payable under any judicial or administrative order or by statute for domestic support obligations that were due on or before the date upon which this certification was signed, including all payments due under the plan for amounts due before the petition was filed, have been paid." No objections were filed to the debtors' motion for discharge. On March 26, 2015, the court entered an order granting the debtors a discharge under 11 U.S.C. § 1328(a).

After the debtors received a discharge, the division issued a May 7, 2015 income withholding order to Michael's employer to collect past-due child support and past-due spousal support. After receiving a copy of the withholding order, counsel for the debtors sent a letter to the division, requesting that the division release the order. In the letter, counsel stated that Michael received a discharge, that the support arrears debt was paid and discharged under the debtors' plan, that any remaining balance of arrears was invalid, and that the continued collection of the

3

debt violated the discharge order and was subject to sanction. After receiving no reply from the division, the debtors filed a motion for contempt and for sanctions against the division for violating the discharge injunction. In its response, the division argued that support arrears were nondischargeable domestic support obligations, excepted from discharge under §§ 1328(a)(2) and 523(a)(5). The division further argued that the bankruptcy court lacked subject matter jurisdiction to decide issues relating to the modification of a child support order and child support obligations.

On July 28, 2015, the court granted the debtors' motion for contempt, concluding that the division's post-discharge attempt to collect support arrears willfully violated the discharge injunction, and determining that the debtors would be awarded attorney's fees as a sanction against the division for contempt. The court stated that Michael's prepetition support obligation was satisfied in full and that Michael owed "no prepetition or pre-discharge debt" to the division or his former spouse. The court then ordered the division to cease all further collection activity against Michael. The court also directed the debtors to submit a statement of attorney's fees to assess the amount of the sanction. Later, the debtors filed the attorney's fees statement. In accordance with its July 28, 2015 order, on August 11, 2015, the court awarded attorney's fees in the amount of $1,335.00 as a sanction against the division. The division appealed.

In this appeal, the division challenges the July 28, 2015 contempt order on three grounds. First, the division argues that the discharge injunction does not apply to domestic support obligations under §§ 523(a)(5) and 1328(a). Second, the division argues that the bankruptcy court violated the principle of comity when interpreting proof of claim disallowance as a broader determination of Michael's personal liability on his domestic support obligation. Third, the division argues that the bankruptcy court lacks subject matter jurisdiction to reduce the amount of the domestic support obligation under the domestic relations exception to federal jurisdiction. The division does not challenge the amount of the sanction.

4

On the other hand, the debtors urge affirmance of the bankruptcy court's decision.  First, the debtors argue that issues not raised below are not considered on appeal.  Second, the debtors argue that the bankruptcy court had jurisdiction to determine the amount of the claim.  Further, the debtors argue that the doctrines of *res judicata* and collateral estoppel bar the division from relitigating the claim amount.  The debtors also argue that § 105 of the Bankruptcy Code grants a bankruptcy court the power to prevent abuse of the bankruptcy process, and that the court may impose sanctions upon a creditor under § 105 for abuse of the bankruptcy process even if that creditor has not violated the discharge injunction.

**STANDARD OF REVIEW**

Whether to grant or deny a motion for contempt falls within the discretion of the bankruptcy court.  As such, we review such motions for abuse of discretion. *Wright v. Nichols*, 80 F.3d 1248, 1250 (8th Cir. 1996).  Similarly, we review an award of sanctions for abuse of discretion. *Everly v. 4745 Second Ave., Ltd. (In re Everly)*, 346 B.R. 791, 794 (B.A.P. 8th Cir. 2006) (citation omitted).  We review legal conclusions *de novo* and factual findings for clear error. *Fischer v. Great W. Bank (In re Fischer)*, 501 B.R. 346, 349 (B.A.P. 8th Cir. 2013).  A bankruptcy court abuses its discretion if the court bases its decision on erroneous legal conclusions or clearly erroneous factual findings. *Carlson v. U.S. Bank, N.A., (In re Carlson)*, 519 B.R. 756, 757 (B.A.P. 8th Cir. 2014).

**DISCUSSION**

**Jurisdiction**

The division argues that the bankruptcy court lacked subject matter jurisdiction to reduce the amount of the domestic support obligation under the domestic relations exception to federal jurisdiction.  The division relies on *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), which clarified the domestic relations exception to federal court subject matter jurisdiction.

In that case, the plaintiff filed suit in federal district court against her ex-spouse and his partner for damages arising from alleged torts committed by the defendants upon the children. *Id. at* 691. The district court dismissed the complaint for lack of jurisdiction, concluding that the case fell within the domestic relations exception to federal court diversity jurisdiction. *Id.* at 692. As an alternative, the district court abstained from exercising jurisdiction. *Id.* The Fifth Circuit affirmed. *Id.* On appeal, the Supreme Court of the United States concluded that the domestic relations exception to federal court jurisdiction applies "to divorce and alimony decrees and child custody orders," *id.* at 703, but that "the domestic relations exception encompasses only cases involving the *issuance* of a divorce, alimony, or child custody decree." *Id.* at 704 (emphasis added). The Court reversed and remanded, concluding that federal subject matter jurisdiction was proper because the suit did not seek such a decree, and concluding that abstention was inappropriate. *Id.* at 705–07.

Like *Ankenbrandt*, the case at bar does not involve the issuance of a divorce, alimony, or child custody decree. On the contrary, the division's contention with the bankruptcy court's determination regarding the effect of the disallowance order sounds towards a dispute over the amount owed pursuant to the divorce decree, not toward the validity or the issuance or the modification of the divorce decree itself. We conclude that this case does not fall within the domestic relations exception to federal jurisdiction. Therefore, we conclude that the bankruptcy court had jurisdiction to determine the division's claim.

## Comity

The division next challenges the bankruptcy court's contempt order on the basis of comity, arguing that the bankruptcy court violated the rule of comity when interpreting proof of claim disallowance as a broader determination of Michael's personal liability on his domestic support obligation. The division raises the issue of comity for the first time on appeal. Ordinarily, and with exceptions not applicable here, an issue not raised in the trial court and raised for the first time on appeal cannot

6

be considered as a basis for reversal. *Pennington-Thurman v. Bank of Am. N.A. (In re Pennington-Thurman)*, 499 B.R. 329, 332–33 (B.A.P. 8th Cir. 2013) (citations omitted). Therefore, we decline to consider the comity issue. *See Trailer Train Co. v. State Tax Comm'n*, 929 F.2d 1300, 1303 (8th Cir. 1991) (declining to consider a comity challenge because the issue was raised for the first time on appeal).

**Exception to Discharge**

The division's prominent challenge on appeal is that bankruptcy court erred in holding the division in contempt for willful violation of the discharge injunction because the discharge injunction does not apply to domestic support obligations under §§ 523(a)(5) and 1328(a). We agree.

A discharge granted under § 1328(a) discharges a debtor "of all debts provided for by the plan or *disallowed* under section 502 of this title, except any debt . . . . of the kind specified . . . in paragraph . . . (5) . . . of section 523(a)[.]" 11 U.S.C. § 1328(a)(2) (emphasis added). Section 523(a)(5) specifically excepts a "domestic support obligation" from discharge. 11 U.S.C. § 523(a)(5). A "domestic support obligation," as defined in the Code, includes a debt owed to a former spouse of the debtor for maintenance or support established by a divorce decree or court order. 11 U.S.C. § 101(14A)(A)–(D).

The chapter 13 discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . [.]" 11 U.S.C. § 524(a)(2). "[T]he discharge injunction 'prohibits collection only with respect to dischargeable debts and does not apply to nondischargeable debts.' As a result, once a discharge has been granted, holders of nondischargeable debts generally may attempt to collect from the debtor personally for such debts." *Fla. Dep't of Revenue v. Diaz, (In re Diaz)*, 647 F.3d 1073, 1088 (11th Cir. 2011) (citations omitted) (quoting *United States v. White*, 466 F.3d 1241, 1246 (11th Cir. 2006)).

The support arrears debt at issue is a "domestic support obligation" under 11 U.S.C. § 101(14A) because it is a debt owed to the former spouse of the debtor for spousal maintenance and child support pursuant to a June 1, 2001 marital dissolution judgment and decree. No party disputes the nature of the debt. Indeed, the debtors listed and categorized the claim as a domestic support obligation in their schedules.

The bankruptcy court concluded that the prepetition support obligation was fully paid and fully satisfied, remarking that it entered orders disallowing the division's amended amount, confirming the debtors' plan paying the claim's lesser amount in full, and granting the debtors a chapter 13 discharge. On the basis of its conclusion that the division paid the support arrears obligation in full, the bankruptcy court determined that the division willfully violated the discharge injunction when the division attempted to collect on that debt after the debtors received their chapter 13 discharge.

The discharge injunction does not apply to a nondischargeable domestic support obligation, even the disallowed portion. Therefore, any determination that a domestic support obligation was paid in full is not determinative of whether a post-discharge attempt to collect on the domestic support obligation violated the discharge injunction. By operation of § 1328(a)(2), when the debtors received a chapter 13 discharge under § 1328(a), the support arrears debt was excepted from the debtors' discharge because it was a § 523(a)(5) domestic support obligation. Since the support obligation was not subject to the debtor's chapter 13 discharge under § 1328(a)(2), it was also not subject to the discharge injunction under § 524(a)(2). Therefore, the bankruptcy court erred in finding that the division's post-discharge attempt to collect on a prepetition domestic support obligation willfully violated the discharge injunction. Accordingly, the bankruptcy court abused its discretion in holding the division in contempt and in awarding attorney's fees for such contempt.

The debtors urge affirmance of the contempt order and sanction order, arguing that the doctrines of *res judicata* and collateral estoppel bar the division from relitigating the claim amount because the proof of claim disallowance order was a final adjudication of the support arrears obligation. While that may be true, we need not address the debtors' *res judicata* and collateral estoppel arguments based on our conclusion that the division did not violate the discharge injunction.

Relying on *In re Hann*, 711 F.3d 235 (1st Cir. 2013), the debtors also argue that the court may sanction a creditor for another reason—for abuse of the bankruptcy process—even if the creditor's conduct did not violate the discharge injunction. We decline to address this argument because the debtors raise it for the first time on appeal. *In re Pennington-Thurman*, 499 B.R. at 332.

The dissent seems to concede that the bankruptcy court erred in finding that the division willfully violated the discharge injunction. Nonetheless, the dissent would adopt the debtors' argument on appeal and affirm the sanction for "abuse of the bankruptcy process," stating that the bankruptcy court sanctioned the division because the division was attempting to collect a debt that was fully paid. The court did not sanction the division for attempting to collect a fully paid debt. The bankruptcy court held the division in contempt and sanctioned it as punishment for that contempt for willful violation of the discharge injunction: "The Debtors' Motion for Contempt is GRANTED and the Debtors will be awarded reasonable attorney's fees as a sanction for such contempt." The contempt was for willful violation of the discharge injunction: "As a result, the Family Support Division's attempt to collect the asserted prepetition obligation willfully violated the discharge injunction and the Debtors' Motion for Contempt will, therefore, be granted." While the dissent correctly states that we may affirm on any basis supported by the record, we decline to do so here because doing so would require us to change the debtors' cause of action and change the *remedy* from contempt to a sanction on an implied cause of action.

9

**CONCLUSION**

For the foregoing reasons, the award of sanctions based on contempt for violation of the discharge injunction is reversed.

_____

SALADINO, Bankruptcy Judge, dissenting.

Although I agree with most of what is stated in the majority opinion, I respectfully disagree with the majority's conclusion. I believe the majority has characterized the underlying motion and the bankruptcy court's order too narrowly. The majority states that the motion sought contempt and sanctions for "violating the discharge injunction" and that the bankruptcy court found the division "had violated the discharge injunction." While those are accurate statements in isolation, the underlying motion and the bankruptcy court order reveal much more – enough, I believe, to hold that the bankruptcy court's award of attorney fees was not an abuse of discretion and should be affirmed.

Specifically, the underlying motion by the debtors asks that the division be held in contempt for trying to collect debts "that have been paid through the chapter 13 plan." After a hearing, the bankruptcy court issued its order which found that the debtor's "prepetition obligation to the Family Support Division . . . is fully paid; He owes no prepetition or pre-discharge debt (nondischargeable or otherwise) to the Family Support Division and/or Mary Spencer." The bankruptcy court then held the division in contempt and awarded attorney fees as a sanction.

Granted, the bankruptcy court did specifically find that the division willfully violated the discharge injunction, which the majority noted does not apply to debts that are excepted from discharge by operation of § 1328(a)(2). However, the majority refused to consider the debtors' argument that the division could be sanctioned for abuse of the bankruptcy process–asserting that it was raised for the

10

first time on appeal. I believe that is incorrect. The bankruptcy court clearly expressed its position that it was sanctioning the division because the debt it was trying to collect – dischargeable or not – was fully paid. The bankruptcy court even included a citation to *Walton v. LaBarge (In re Clark)*, 223 F.3d 859, 864 (8th Cir. 2000), an Eighth Circuit case holding that § 105 of the Code gives bankruptcy courts broad authority to issue sanctions for abuse of the bankruptcy process. So, the bankruptcy court's decision was, at its core, much more than a finding that the division violated the discharge injunction.

We recently said:

> Bankruptcy Code § 105(a) provides a bankruptcy court with authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code, and allows the court to "tak[e] action or mak[e] any determination necessary or appropriate to . . . prevent an abuse of process." 11 U.S.C. § 105(a). And, a bankruptcy court "may also possess 'inherent power . . . to sanction "abusive litigation practices." ' " *Law v. Siegel*, ___ U.S. ___, 134 S. Ct. 1188, [1191,] 188 L. Ed. 2d 146, 2014 WL 813702, at *5 (2014) (citing *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375-76, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2007)) (quotation marks omitted)."

*Needler v. Casamatta (In re Miller Automotive Group, Inc.)*, 536 B.R. 828, 835 (B.A.P. 8th Cir. 2015) (quoting *Young v. Young (In re Young)*, 507 B.R. 286, 291-92 (B.A.P. 8th Cir. 2014)).

Semantics aside, the bankruptcy court ordered the division to reimburse the debtors for attorney fees spent defending the division's attempts to collect a debt that had been determined in a contested matter and paid under the Chapter 13 plan.

Clearly, the bankruptcy court had the authority under § 105 and the inherent power to issue such a sanction. Referencing the discharge injunction may have been incorrect; sanctioning a creditor trying to collect a debt that had been paid in full was not. Accordingly, I do not believe the bankruptcy court's order was an abuse of discretion. I would affirm.[1]

---

[1] The Panel may affirm on any basis supported by the record. *Kaler v. Charles (In re Charles)*, 474 B.R. 680, 687 (B.A.P. 8th Cir. 2012).