# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2334

_____

In re: Keeley and Grabanski Land Partnership

*Debtor*

------------------------------

Kip M. Kaler, in his capacity as Chapter 11 Bankruptcy Trustee of the *Debtor*
Keeley and Grabanski Land Partnership

*Appellee*

v.

Louie Slominski

*Appellant*

_____

No. 15-2405

_____

In re: Keeley and Grabanski Land Partnership

*Debtor*

------------------------------

Kip M. Kaler, in his capacity as Chapter 11 Bankruptcy Trustee of the *Debtor*
Keeley and Grabanski Land Partnership

*Appellant*

v.

Louie Slominski

*Appellee*

_____

Appeal from the United States Bankruptcy
Appellate Panel for the Eighth Circuit

_____

Submitted: February 11, 2016
Filed: August 10, 2016

_____

Before SMITH and COLLOTON, Circuit Judges, and GRITZNER,[1] District Judge.

_____

SMITH, Circuit Judge.

Kip Kaler, as trustee of the debtor's bankruptcy estate, brought suit against Louie Slominski to avoid a land lease that Slominski and the debtor had entered. The bankruptcy court avoided and terminated the lease, ordered Slominski to pay rent for the period that he occupied the land, awarded Slominski an offset based on improvements that he made to the land, and denied the trustee's motion for a new trial based on newly discovered evidence. Both parties appealed the bankruptcy court's judgment to the Bankruptcy Appellate Panel (BAP). The BAP held that the bankruptcy court incorrectly calculated the setoff but affirmed its judgment in all other respects. Slominski appeals the judgment of the BAP, arguing that the estate received an impermissible double recovery under 11 U.S.C. § 550. The trustee cross-appeals,

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

arguing that the bankruptcy court erred when it denied its motion for a new trial based on newly discovered evidence. We affirm.

## I. *Background*

Before entering Chapter 11 bankruptcy, Keeley and Grabanski Land Partnership ("debtor") entered into a lease with Slominski. The three-year lease granted Slominski use of 3,600 acres of Texas farm land. After the bankruptcy court granted the order for bankruptcy relief on January 7, 2011, Kip Kaler was appointed as the Chapter 11 trustee on April 5, 2011.

According to Slominski and the debtor, the debtor orally leased the land to Slominski in November 2010, and later reduced it to writing on December 1, 2010. But the trustee argues that the lease was executed no earlier than April 2011, and backdated to reflect the December 1, 2010 prepetition date.

Under the written lease, the debtor leased the land to Slominski from December 1, 2010, until November 1, 2013. In exchange, the lease required Slominski to annually pay the debtor 20 percent of the gross proceeds derived from the land or $300,000, whichever was greater. Lease payments were due in arrears on November 1 of each year. In 2011, Slominski farmed the land and deposited $314,464.55 as rent into his attorney's trust account on November 10, 2011. While under the lease, Slominski also paid $14,879.95 in property taxes. Slominski planted a wheat crop for a 2012 harvest while under the lease. Before the crop was harvested, however, the bankruptcy court terminated the lease, and the bankruptcy estate harvested the crop. Slominski expended $563,968 in seed and planting costs for that year. After the estate harvested the 2012 wheat crop, the estate netted $442,218.09.

On August 26, 2011, the trustee sued Slominski to avoid the lease. The trustee planned to sell the land for the benefit of the estate but believed that the Slominski lease hampered sales efforts. The trustee therefore sought to invalidate the lease and

remove its encumbrance on the land. The trustee claimed that the lease could be avoided because it was entered postpetition without authorization under 11 U.S.C. § 549 or, alternatively, it was a fraudulent transfer under 11 U.S.C. § 548(a)(1) because the rent under the lease was less than fair market value (FMV). While that proceeding was pending, the case was converted to Chapter 7 on October 11, 2011. Kaler continued as trustee in the Chapter 7 case.

In the bankruptcy proceedings, the bankruptcy court found that the lease was executed prepetition, but it also determined that the rent due under the lease was below FMV, which it found to be $490,000 per year. As such, the bankruptcy court avoided and terminated the lease as a fraudulent transfer under § 548(a)(1). The bankruptcy court calculated the FMV rent for 2011 and the portion of 2012 that Slominski occupied the land to be $745,200.[2] After crediting Slominski $314,000 that he paid the trustee against the 2011 rent, the bankruptcy court concluded that Slominski owed the trustee $431,200.

In response, Slominski claimed good-faith-purchaser (GFP) status under § 550(e). He asserted entitlement to the value of improvements that he made to the land. Specifically, Slominski sought an offset against the $431,200 based on the $563,968 that he expended in seed and planting costs and the $14,879.95 that he paid in property taxes. Although the bankruptcy court found that Slominski had failed to prove the value of his improvements under § 550(e)(1)(B), it permitted Slominski to recover his seed and planting costs and the amount that he paid in property taxes, totaling $578,577.95, under § 550(e)(1)(A). The bankruptcy court applied the offset and ordered the estate to pay Slominski $147,377.95.[3]

---

[2]The total rent amount is comprised of $490,000 for 2011 and $255,200 for 2012.

[3]$578,577.95 - $431,200 = $147,377.95.

-4-

After the bankruptcy court entered judgment, both parties moved the court to amend its judgment by recalculating the offset to Slominski under § 550. The trustee also moved for a new trial or relief under Federal Rule of Civil Procedure 60(b)(2). The trustee argued that newly discovered evidence demonstrated that the lease had been backdated and thus undermined Slominski's GFP status. The bankruptcy court denied all of the postjudgment motions, and both parties appealed to the BAP.

On appeal, Slominski argued for the first time that the estate received a double recovery when the bankruptcy court both awarded the estate FMV rent and avoided the lease. According to Slominski, § 550 permitted the estate to recover the fraudulently transferred leasehold or the value of the leasehold, but not both. The BAP noted that "[a]rguably, Slominski failed to raise this double-recovery argument before the Bankruptcy Court." Nevertheless, it considered and rejected it. The BAP corrected the bankruptcy court's calculation of the setoff under § 550(3) but affirmed the bankruptcy court's ruling that the newly discovered evidence would not likely have produced a different result at a new trial.

## II. *Discussion*

Before this court, Slominski renews his argument that the estate was granted an impermissible double recovery under § 550(a). The trustee cross-appeals and maintains that the bankruptcy court erred by refusing to grant its motion for a new trial based on newly discovered evidence.[4] As a second court of review, we review de novo the bankruptcy court's conclusions of law, but we review its factual findings for

---

[4]The bankruptcy court held that the trustee's motion for a new trial under Federal Rule of Civil Procedure 59 was untimely because it was filed more than 14 days after judgment was entered. The court, however, considered the motion timely under Rule 60(b)(2). The untimeliness of the trustee's Rule 59 motion is not relevant on appeal because we use the same standard to review motions based on "newly discovered evidence" under Rule 59 and 60. *See Miller v. Baker Implement Co.*, 439 F.3d 407, 414 (8th Cir. 2006).

clear error. *Wells Fargo Home Mortg., Inc. v. Lindquist*, 592 F.3d 838, 842 (8th Cir. 2010). We review a trial court's decision to grant or deny a motion for a new trial for an abuse of discretion. *Schwieger v. Farm Bureau Ins. of Neb.*, 207 F.3d 480, 487 (8th Cir. 2000).

## A. *11 U.S.C. § 550(a)*

We have carefully reviewed the record and conclude that Slominski did not raise his double-recovery argument before the bankruptcy court. Generally, we do not consider arguments raised for the first time on appeal. *First Bank Investors' Tr. v. Tarkio Coll.*, 129 F.3d 471, 477 (8th Cir. 1997). Despite Slominski's failure to raise his double-recovery argument before the bankruptcy court, the BAP considered it. We, however, independently review the bankruptcy court's decision and are not bound by the BAP's decision. *See Terry v. Standard Ins.*, 687 F.3d 961, 963 (8th Cir. 2012). We have discretion to consider a new argument in exceptional circumstances, *see Singleton v. Wulff*, 428 U.S. 106, 121 (1976), but we are not convinced to do so on this record.

## B. *Motion for a New Trial*

The trustee contends that the newly discovered evidence that he submitted to the bankruptcy court established that the lease was not executed until after April 26, 2011. That being the case, the trustee argues that Slominski cannot be a GFP entitled to a set-off under § 550(e).

The grant of a new trial is an "extraordinary" remedy and may be based on newly discovered evidence but only after the movant proves the following four elements: "(1) the evidence was discovered after trial; (2) due diligence was exercised to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence is such that a new trial would probably produce a different result." *Schwieger*, 207 F.3d at 487 (citation omitted). The movant under Rule 60(b)(2) bears a heavy burden. *See id.* (noting that Rule 60(b)(2) "provides for

extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances" (quotations and citations omitted)).

The bankruptcy court held that the trustee satisfied the first three elements but failed to prove that the evidence, if considered, would probably produce a different result. As the bankruptcy court explained, the newly discovered evidence would not change its finding that Slominski was a GFP. The trustee argues that the bankruptcy court erred by evaluating Slominski's GFP status subjectively rather than objectively.

The trustee is correct that the GFP determination of a transferee in bankruptcy is an objective one. *See Sherman v. Third Nat'l Bank (In re Sherman)*, 67 F.3d 1348, 1355 (8th Cir. 1995) (explaining that in determining whether a transferee acts in good faith, "courts look to what the transferee objectively knew or should have known" and not what the transferee actually knew (quotations and citations omitted)). The trustee is incorrect, however, that the bankruptcy court evaluated Slominski's status as a GFP subjectively. The bankruptcy court credited Slominski's testimony as more probative of his status than the newly discovered evidence that the trustee submitted. A court may do so objectively, and, in this case, we conclude that the bankruptcy court did.

"Good faith" is not defined by the Bankruptcy Code and, therefore, "is not susceptible of precise definition and is determined on case-by-case basis." *Id*. (citation omitted). Moreover, "[a] finding of good faith is primarily a factual determination, which we therefore review for clear error." *Meeks v. Red River Entm't of Shreveport (In re Armstrong)*, 285 F.3d 1092, 1096 (8th Cir. 2002) (citation omitted). Where findings as to witness credibility inform the bankruptcy court's factual determinations, we accord the trier of fact great deference. *See Hornsby v. St. Louis Sw. Ry. Co.*, 963 F.2d 1130, 1133 (8th Cir. 1992).

The bankruptcy court did not commit clear error in crediting Slominski's evidence and testimony as more persuasive than the trustee's claimed newly

discovered evidence. The bankruptcy court drew different conclusions from the newly discovered evidence regarding Slominski's GFP status than did the trustee. In the bankruptcy court's estimation, the newly discovered evidence—consisting primarily of unexecuted lease documents found on a computer not belonging to Slominski—did not undermine its conclusion that Slominski acted in good faith. This finding was not clearly erroneous. As such, the bankruptcy court did not abuse its discretion in refusing to grant the trustee a new trial based on the newly discovered evidence.

### III. *Conclusion*

Accordingly, we affirm the judgment of the BAP.

_____