# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3182

No. 16-3183

_____

In re: Michael Eugene Spencer; Patricia Anne Spencer

*Debtor*s

------------------------------

State of Missouri Department of Social Services

*Appellee/Cross Appellant*

v.

Michael Eugene Spencer; Patricia Anne Spencer

*Appellants/Cross Appellees*

_____

Appeals from the United States Bankruptcy
Appellate Panel for the Eighth Circuit

_____

Submitted: April 6, 2017
Filed: August 22, 2017

_____

Before WOLLMAN and LOKEN, Circuit Judges, and NELSON, District Judge.[1]

_____

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota, sitting by designation.

LOKEN, Circuit Judge.

Michael and Patricia Spencer filed for Chapter 13 bankruptcy protection. The Missouri Department of Social Services ("MDSS") filed a proof of claim in the amount of $36,026.27 for an unsecured domestic support obligation ("DSO") to pay spousal and child support arrears to Michael's prior spouse. See 11 U.S.C. § 501. MDSS then determined it had improperly calculated Michael's support obligations under the Missouri state court's divorce decree after the children's emancipation. MDSS filed an amended proof of claim for $88,026.27 three months after filing its initial proof of claim.

The Spencers objected to the amended proof of claim on multiple grounds, see § 502(b), including their contention that the greater support payments now claimed by MDSS had been "waived by acquiescence" under Missouri Law. MDSS responded to the objection, arguing that Michael should have known he was obliged to pay the greater amount based on two mailings stating the correct obligation. After a hearing, the bankruptcy judge sustained the debtors' objection, disallowing the amended proof of claim. See § 502(b)(1). MDSS did not appeal that order.

Subsequently, the bankruptcy court confirmed the Spencers' Chapter 13 plan, which required $600 per month payments to MDSS on its $36,026.27 allowed claim. The Division did not object to the plan. After the Spencers completed payments under the plan, they applied for and received a bankruptcy discharge. See § 1328(a). Six weeks later, MDSS issued an Income Withholding Order, garnishing Michael's wages to collect $52,000 for the past-due, disallowed DSO debt plus additional interest. Instead of contesting the garnishment under state law, the Spencers' attorney filed a motion for sanctions, arguing MDSS's collection action willfully violated the discharge injunction. See § 524(a) (effect of discharge). After a hearing, the bankruptcy judge agreed and ordered MDSS to cease attempting to collect the debt in violation of the discharge injunction and, as a contempt sanction, to pay the

Spencers attorney's fees in the amount of $1,335. MDSS appealed that ruling to the Bankruptcy Appellate Panel.

The BAP reversed the contempt order sanctions, concluding the bankruptcy court abused its discretion because a discharge injunction "does not apply to a nondischargeable domestic support obligation, even the disallowed portion," and therefore MDSS's attempt to collect a prepetition DSO did not willfully violate the discharge injunction. In re Spencer, 550 B.R. 766, 771 (B.A.P. 8th Cir. 2016). The Spencers appeal the BAP's decision to reverse the contempt order sanctions. MDSS cross appeals, arguing the BAP's opinion could be interpreted as improperly modifying a Missouri support decree. As the BAP issued a judgment and mandate, we have jurisdiction to review its final order under 28 U.S.C. § 158(d). We affirm the BAP's order and decline MDSS's request to further interpret the BAP's decision.

## I.

Subject to exceptions, a bankruptcy discharge imposes an "injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). One broad exception is a DSO debt. A Chapter 13 discharge "does not discharge an individual debtor from any debt . . . for a domestic support obligation." 11 U.S.C. § 523(a)(5); see § 1328(c)(2). The Supreme Court interprets this to mean that domestic support obligations "are *not* dischargeable under *any* circumstances." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 279 n.10 (2010). On appeal, all parties agree Michael's support arrears debt is a DSO as defined in 11 U.S.C. § 101(14A). Thus, the BAP correctly ruled that the disallowed portion of MDSS's DSO claim was not subject to the discharge injunction imposed when the bankruptcy court granted the Spencers a discharge. Spencer, 550 B.R. at 771; accord In re Diaz, 647 F.3d 1073, 1089-90 (11th Cir. 2011). That ruling eliminated the basis for the bankruptcy court's sanctions order.

-3-

On appeal, the Spencers do not defend the bankruptcy court's sanctions order based on a violation of the discharge injunction. Rather, citing In re Hann, 711 F.3d 235, 243 (1st Cir. 2013), they contend the bankruptcy court had authority under § 105 of the Code to issue contempt sanctions because MDSS acted in violation of a confirmed plan and the Spencers' full payment of the debt by attempting to collect more than the bankruptcy court had determined was owing. The BAP majority declined to address this contention for a sound reason -- it was raised for the first time on appeal. Spencer, 550 B.R. at 772. Though there is discretion to consider a new argument in exceptional circumstances, see In re Keely & Grabanski Land P'ship, 832 F.3d 853, 858 (8th Cir. 2016), and the dissenting panel member found a basis to affirm the sanction under § 105(a), we agree with the BAP majority that affirming on this ground "would require us to change the debtor's cause of action and change the *remedy* from contempt to a sanction on an implied cause of action."

Section 105(a) provides bankruptcy courts "statutory authority to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of' the Bankruptcy Code. . . . But in exercising those statutory and inherent powers, a bankruptcy court may not contravene specific statutory provisions." Law v. Siegel, 134 S. Ct. 1188, 1194 (2014); see In re Clark, 223 F.3d 859, 864 (8th Cir. 2000) ("Section 105(a) gives the bankruptcy courts broad power *to implement the provisions of the bankruptcy code*"). The bankruptcy court imposed sanctions to remedy MDSS's violation of the discharge injunction. The Spencers identify no provision of the confirmed Chapter 13 plan that prohibited MDSS's garnishment action, unlike the specific plan provision in In re Burnett, 646 F.3d 575, 581 (8th Cir. 2011). Based on Supreme Court authority that DSO obligations "are *not* dischargeable under *any* circumstances," MDSS had a reasonable basis for believing that the disallowed portion of the support arrears debt would survive the Chapter 13 bankruptcy case. Even if MDSS was wrong on the merits, an issue that is not before us, its action did not warrant a contempt order and sanctions for bad faith abuse of the confirmation plan or the bankruptcy process. See Diaz, 647 F.3d at 1090-92 ("res judicata and

collateral estoppel do not preclude [creditors] from arguing the extent of [the debtor's] personal liability for child support post-bankruptcy"). This conclusion resolves the Spencers' appeal.

## II.

MDSS in its cross appeal urges us to address the merits of whether the disallowed portion of its amended DSO claim survived the bankruptcy court's contrary ruling, its confirmation of the Chapter 13 plan, and the Spencers' discharge. But this is an appeal from the contempt order, not the claim disallowance order, and the BAP did not interpret or rely on the claim disallowance order in reversing the award of sanctions for MDSS's alleged violation of the discharge injunction. Spencer, 550 B.R. at 772.

We decline to render an advisory opinion on these additional issues. Not only would that seem to take us beyond the Article III jurisdiction of an appellate court, it may also risk going beyond the jurisdiction of the bankruptcy court. The Chapter 13 plan has fulfilled its purpose, and the bankruptcy case is closed. A state agency has begun proceedings within the jurisdiction of the state courts. Thus, a federal court action to declare that MDSS is precluded by the bankruptcy court's claim disallowance ruling may be barred by the State's sovereign immunity, unless that action is ancillary to the bankruptcy court's now-concluded *in rem* proceeding. See Cent. Va. Cmty. Coll. v. Katz, 546 U.S. 356, 372-73 (2006).

It may be that the Supreme Court's reasoning in Local Loan Co. v. Hunt, 292 U.S. 234 (1934), gives the bankruptcy court ancillary jurisdiction to enforce its claim disallowance order. But the congressional decision to make DSOs "*not* dischargeable under *any* circumstances" puts a very different gloss on the issue. See Siegel, 134 S. Ct. at 1198. And the absence of federal court jurisdiction would not leave the Spencers without a forum to test the claim preclusive effect of the claim disallowance

order -- state courts are fully competent to interpret and apply federal as well as state preclusion principles.  See generally Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 507 (2001).  These are not easy issues, as the court's thorough discussion in In re Fort, 412 B.R. 840, 854-60 (Bankr. W.D. Va. 2009), makes clear.  Finally, we doubt it will be easy to decide whether issues of state law are claim-precluded *if* the ambiguous claim disallowance order is entitled to claim-preclusive effect.[2]  We leave resolution of these issues to another day.

The judgment of Bankruptcy Appellate Panel for the Eighth Circuit is affirmed. We express no view on the merits of whether Michael Spencer remains personally liable for the disallowed portion of MDSS's bankruptcy claim, nor do we decide what court or courts may have jurisdiction to decide that issue.

—————————————————

[2]In the claim disallowance order the bankruptcy judge concluded:

> Mary Spencer and the Family Support Division waived a portion of the support payments by acquiescing in lower payments after the children were emancipated, see Boland v. State of Missouri, [910 S.W.2d 754, 757-59 (Mo. App. 1995),] and . . . Michael Spencer relied on such acquiescence in not seeking a state court modification to the payment amounts, [so] allowing the claim in the amended amount would be an unjust result under the circumstances of this case.