# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 19-6023

_____

In re: Joanne Amy Doughty

*Debtor*


-------------------------------

Joanne Amy Doughty

*Debtor - Appellant*

v.

Richard Douglas

*Movant - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: November 22, 2019
Filed: December 17, 2019

_____

Before SCHERMER, SHODEEN, and SANBERG, Bankruptcy Judges.

_____

SCHERMER, Bankruptcy Judge

Joanne Amy Doughty (Debtor) appeals the bankruptcy court's[1] order dismissing her request for relief for alleged violations of the automatic stay and discharge injunction. We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons that follow, we affirm.

## ISSUE

The issue on appeal is whether the bankruptcy court properly dismissed the Debtor's request for relief for alleged violations of the automatic stay and the discharge injunction. We hold that it did. We also deny the Debtor's motion to supplement the record on appeal.

## BACKGROUND

In December 2014, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. The Debtor received her Chapter 7 discharge on August 9, 2017. In March 2019, the bankruptcy court reopened the Debtor's case to allow the Debtor to file her request seeking relief based on alleged violations of the discharge injunction and automatic stay (2019 Request).

Richard Douglas is the father of one of the Debtor's two children.[2] The Debtor and Mr. Douglas were never married. Nevertheless, they had custody and support disputes in state court related to their child.

On October 6, 2014, the Arkansas state court entered its initial custody order, which did not require the Debtor to pay Mr. Douglas. In its September 13, 2017

---

[1]  The Honorable Ben T. Barry, Chief Judge, United States Bankruptcy Court for the Eastern and Western Districts of Arkansas.

[2] The Debtor's 2019 Request and appeal briefs make general allegations against Ralph Ferrara, the father of the Debtor's other child. Mr. Ferrara filed an opposition to the Debtor's 2019 Request, but he did not appear at the bankruptcy court hearing or participate in this appeal. We see no error in the bankruptcy court's holding that the Debtor had no basis to allege a cause of action against any of the parties named in her 2019 Request.

order, the Arkansas Court of Appeals reversed $50,250 in attorneys' fees previously awarded to the Debtor from Mr. Douglas during the custody litigation. Mr. Douglas requested that he be reimbursed for the attorneys' fees out of funds held in the registry of the state court. In July 2018, the state court awarded Mr. Douglas the $20,150 in interplead funds. Of the $20,150, part represented back child support owed by the Debtor to Mr. Douglas and $12,574 represented part of the sum to which Mr. Douglas was entitled following the 2017 Arkansas Court of Appeals decision. In October 2018, the state court entered a judgment for the remaining balance of attorneys' fees owed to Mr. Douglas pursuant to the appellate court's decision. Then in November 2018, Mr. Douglas filed a petition for attorney's fees and costs in the state court. At the time of the hearing on the motion to dismiss the 2019 Request, the Debtor was required by the Arkansas state court to pay child support to Mr. Douglas.

In February 2019, a subpoena was issued in the state court case requiring the Debtor to produce financial information to Mr. Douglas in connection with the Debtor's child support obligations. On March 15, 2019, after the Debtor failed to comply with the subpoena, Mr. Douglas filed a petition for contempt and to compel the information.

The Debtor filed her 2019 Request seeking various forms of relief against Mr. Douglas and others based on alleged violations of the automatic stay and discharge injunction.[3] Although the Debtor does not clearly articulate what constituted the automatic stay and discharge injunction violations, she refers to: the subpoena and motion to compel in the Arkansas state court proceedings; Mr. Douglas's attorney's fee award and receipt of interpleader funds from the state courts; and Mr. Douglas's

---

[3] The 2019 Requests seeks relief from parties the Debtor defines as "Creditors," including Mr. Douglas, Mr. Ferrara, Mr. Douglas's two state court lawyers, and two other individuals. Other than general references to "Creditors," the Debtor makes no specific arguments on appeal concerning Mr. Douglas's lawyers or the other two individuals. To the extent the Debtor disagrees with the bankruptcy court's decision to dismiss the relief she sought against those parties, her arguments lack merit.

November 2018 state court attorney's fees request. Part of the relief sought by the Debtor was a judgment against Mr. Douglas and others for $12,574 (the same as the amount of the interplead funds given to Mr. Douglas as attorney's fees).[4]

The bankruptcy court granted Mr. Douglas's motion to dismiss the Debtor's 2019 Request under Federal Rule of Civil Procedure 12(b)(6). It stated that she had no basis to allege a plausible cause of action against Mr. Douglas, his attorneys, and the others named in her 2019 Request. The bankruptcy court ruled on the motion to dismiss after the Debtor filed her response to it and after the bankruptcy court held a hearing and a separate setting to announce its ruling on the record, both of which were attended by the Debtor. The Debtor appealed.

The Debtor filed a motion seeking to supplement the record on appeal with her affidavit regarding alleged *ex parte* communications between the bankruptcy court, Mr. Douglas, and Mr. Douglas's counsel. In accordance with a September 3, 2019 order, we consider the motion to supplement the record at the same time as the merits of this appeal.

## STANDARD OF REVIEW

"We review the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error." *Ad Hoc Comm. of Non-Consenting Creditors v. Peabody Energy Corp. (In re Peabody Energy Corp.),* 933 F.3d 918, 924 (8th Cir. 2019). "The granting of a motion to dismiss by a bankruptcy court is reviewed *de novo* by the Bankruptcy Appellate Panel." *Lorcon, LLC v. Heyl (In re Heyl),* 590 B.R. 898, 901 (B.A.P. 8th Cir. 2018). A determination of the function an award in a domestic relations matter is intended to serve is a finding of fact reviewable for clear error. *Adams v. Zentz,* 963 F.2d 197, 200 (8th Cir. 1992).

---

[4] The Debtor asked for a $12,574 judgment against each of Mr. Douglas's state court lawyers and sought their disqualification from representing him in bankruptcy court.

## DISCUSSION

A motion to dismiss made under Rule 12(b)(6) concerns the legal sufficiency of a complaint based on failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))." The plausibility standard applies in "all civil actions." *Iqbal*, 556 U.S. at 684 (citation omitted).[5]

As was implicit from the bankruptcy court's ruling, the Debtor's 2019 Request did not clearly identify the matters at issue and how they were related to specific automatic stay or discharge injunction violations. The bankruptcy court held that the Debtor's 2019 Request failed to state a claim for an automatic stay or discharge injunction violation. It stated (and remarked that the Debtor admitted at the hearing on the motion to dismiss), that at the core of all relevant matters were legal issues regarding child custody. The Debtor provided nothing to show that she was complaining of debts that were derived from something other than matters concerning the children and incidental court orders. According to the court, no automatic stay was in place because all debts referred to by the Debtor concerned domestic support obligation (DSO) related issues. And, the automatic stay expired in August 2017 upon the Debtor's discharge, but virtually all the matters of which the Debtor complains transpired after August 2017. The court saw no discharge injunction violation because regardless of when the DSO debts arose, they were not discharged. We agree with the bankruptcy court's decision that the Debtor failed to state a claim in her 2019 Request.

---

[5] Mr. Douglas's counsel argued in the bankruptcy court that the relief sought in the Debtor's 2019 Request was more properly brought as an adversary proceeding and that it could be denied on those grounds. Counsel agreed for the court to consider dismissal on grounds other than failure to file the action as an adversary proceeding. We see no error in the bankruptcy court's decision to consider and grant dismissal of the 2019 Request under Rule 12(b)(6), which applies in adversary proceedings.

The Bankruptcy Code defines a "domestic support obligation" as:

> [A] debt that accrues before, on, or after the date of the order for relief in a case under this title, . . . , that is—
>
>     (A) owed to or recoverable by—
>
>         (i) a spouse, former spouse, or child of the debtor or <u>such child's parent</u>, legal guardian, or responsible relative; or . . .
>
>         (B) in the nature of alimony, maintenance, or support . . . of such spouse, former spouse, or child of the debtor or <u>such child's parent</u>, without regard to whether such debt is expressly so designated;
>
>         (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of . . .
>
>         (ii) an order of a court of record; or . . .
>
>         (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or <u>such child's parent</u>, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A) (emphasis added). The DSO determination is important to the analysis of automatic stay and discharge injunction issues. On appeal, the Debtor does not contest most elements of the DSO determination and only argues about whether certain of the debts (which we discuss below) are support obligations.

The bankruptcy court correctly decided that the Debtor failed to state a cause of action based on an automatic stay violation. Bankruptcy Code § 362(b)(2)(A)(ii) and (B) except from the scope of the automatic stay "the . . . continuation of a civil action or proceeding . . . for the . . . establishment or modification of an order for domestic support obligations" and "the collection of a domestic support obligation from property that is not property of the estate." 11 U.S.C. §§ 362(b)(2)(A)(ii) and (B). As the bankruptcy court properly recognized, the stay did not apply to the matters raised in the 2019 Request because they concern DSOs and there was no attempt to collect from estate property. The record shows that all matters at issue concerned child custody and support.

6

Section 362(c)(2)(C) provides that the stay discontinued in the Debtor's Chapter 7 case upon the granting of the discharge. *See* 11 U.S.C. §362(c)(2)(C) (stay continues until earliest of certain events, one of which is granting or denying of a discharge). The bankruptcy court properly recognized that almost all matters to which the Debtor refers took place after entry of the Debtor's discharge when the stay no longer existed. In fact, the state court rulings concerning the over $50,000 awarded in favor of Mr. Douglas were entered following the Debtor's August 2017 discharge. The 2019 state court issuance of the subpoena and contempt proceedings related to it all took place post-discharge. Mr. Douglas's November 2018 state court petition for attorney's fees followed the Debtor's discharge.

We also agree with the bankruptcy court that the Debtor failed to state a claim for a discharge injunction violation. A discharge in bankruptcy "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). "One broad exception is a DSO debt." *State of Missouri v. Spencer (In re Spencer),* 868 F.3d 748, 751(8th Cir. 2017). Bankruptcy Code §523(a)(5) excepts from a debtor's discharge "any debt . . . for a domestic support obligation." 11 U.S.C. § 523(a)(5). Because all matters raised in the Debtor's 2019 Request concerned DSOs, any related debt was not discharged, the discharge injunction did not apply, and the Debtor did not state a plausible claim for relief.

When it dismissed the Debtor's 2019 Request, the bankruptcy court found that permitting the case to proceed would be futile and amount to a waste of judicial resources. We agree.

None of the many matters considered by the Debtor to be issues on appeal have merit.

The Debtor admits that child support is a DSO. She argues that the bankruptcy court erred because the attorney's fees obligations were not part of DSOs. The

7

bankruptcy court appropriately considered the Debtor's 2019 Request in the context of whether the award of attorney's fees was closely tied to the support obligation and determined that the Debtor could not state a plausible claim for relief because the attorney fee award was part of the DSO. *See Holliday v. Kline (In re Kline),* 65 F.3d 749, 751 (8th Cir. 1995) ("The policy underlying section 523(a)(5) . . . favors enforcement of familial support obligations over a 'fresh start' for the debtor.") (citation omitted); *Williams v. Williams (In re Williams),* 703 F.2d 1055, 1057 (8th Cir. 1983) ("the crucial issue is the function the award was intended to serve."). The bankruptcy court remarked that, as the Debtor admitted, at the core of all the relevant matters were legal issues regarding the custody of the children. It saw nothing by the Debtor suggesting that the matters complained of concerned anything other than the children and incidental orders. We see no error by the bankruptcy court.

The Debtor also argues that the attorney's fees were discharged because they were incurred pre-petition. When the fees were incurred is irrelevant because the definition of a DSO expressly includes pre-petition debts. *See* 11 U.S.C. § 101(14A) (applies to "a debt that accrues before, on, or after the date of the order for relief" that was "established or subject to establishment before, on, or after the date of the order for relief.").

According to the Debtor, the bankruptcy court erred based on improper service of the motion to dismiss on her. Federal Rule of Bankruptcy Procedure 8014 states that the argument section of an appellant's brief "must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which appellant relies." FED. R. BANKR. P. 8014(a)(8). We will not consider the Debtor's cursory argument concerning service as it is unsupported by citations to legal authorities. *See United States v. Stuckey*, 255 F.3d 528, 531 (8th Cir. 2001) (citations omitted) ("[W]e regularly decline to consider cursory or summary arguments that are unsupported by citations to legal authorities."). And, the Debtor cannot show harmful error that would merit a reversal of the bankruptcy court's decision. *See* FED. R. CIV. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial

rights."); Fᴇᴅ. R. Bᴀɴᴋʀ. P. 9005 (incorporating Rule 61 in bankruptcy proceedings). Regardless of why the Debtor did not receive the motion to dismiss earlier, she received it and filed a response to it prior to the hearing date. Although the Debtor argued at the hearing about service of the motion, she participated in the merits of the hearing and did not request additional time to prepare.

The Debtor argues for reversal of the bankruptcy court's decision based on alleged *ex parte* communications before and at the hearing on the 2019 Request by Mr. Douglas and his counsel with the bankruptcy court and to the prejudice of the Debtor. She filed a separate motion in this appeal seeking to supplement the record on appeal with her affidavit concerning the alleged *ex parte* communications. We will not consider the issue of alleged *ex parte* communications because the Debtor did not raise that issue before the bankruptcy court. See *Velde v. Thiel (In re Thiel)*, 587 B.R. 92, 97 (B.A.P. 8th Cir. 2018) (citation omitted). Because we do not consider the Debtor's allegations about *ex parte* communications on the merits, we similarly deny her motion to supplement the record on appeal with her affidavit.

All other arguments made by the Debtor and relief requested by her lack merit or are not properly brought before us.

## CONCLUSION

For the reasons stated, the Debtor's motion to supplement the record on appeal is DENIED and the decision of the bankruptcy court is AFFIRMED.

_____